[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11896
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-21666-KMM


CAMPBELL'S FOLIAGE, INC.,
a Florida corporation,

Plaintiff-Appellant,

versus

FEDERAL CROP INSURANCE CORPORATION,
a Federal Corporation,
RURAL COMMUNITY INSURANCE COMPANY,
a Minnesota Insurance Company,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2014)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Campbell's Foliage, Inc. ("Campbell's Foliage"), appeals the denial of its motion to vacate an arbitration award in favor of defendants, the Federal Crop Insurance Corporation ("FCIC") and the Rural Community Insurance Company ("RCIC"). We affirm.

## I. BACKGROUND

For the 2008 Crop Year,[1] Campbell's Foliage, a nursery, purchased a Multiple Peril Crop Insurance ("MPCI") Policy from the RCIC to insure its crops against loss caused by excess moisture. MPCI Policies are issued pursuant to the terms of the Federal Crop Insurance Act ("FCIA"),[2] are underwritten by the FCIC, and managed by the Risk Management Agency ("RMA") of the U.S. Department of Agriculture. In July 2007, following an adverse weather event, Campbell's Foliage filed a claim under the 2008 MPCI Policy with the RCIC. The RCIC and RMA denied the claim, because they concluded the 2008 MPCI Policy was void. In May 2011, Campbell's Foliage filed suit for breach of contract and for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

The RCIC moved to compel arbitration in accordance with the arbitration clause of the MPCI Policy. The district judge granted the motion and found the

---

[1] The 2008 Crop Year covered June 1, 2007, through May 31, 2008.
[2] 7 U.S.C. § 1501.

2

arbitration clause fell within the Federal Arbitration Act ("FAA").  The judge also retained jurisdiction to enforce or vacate any arbitration award.  The arbitrator later determined Campbell's Foliage did not have insurance coverage for the 2008 Crop Year and ruled in favor of the FCIC and the RCIC.

On February 13, 2013, Campbell's Foliage filed a motion to vacate the arbitration award.  The nursery conceded none of the grounds listed in 9 U.S.C. § 10 of the FAA for vacating an arbitration award existed in this case, but it argued the 2008 MPCI Policy expanded the scope of judicial review.  Specifically, section 20(c) of the MPCI Policy, Common Policy Provisions ("Common Provisions") provide:

> Any decision rendered in arbitration is binding on you and us unless judicial review is sought in accordance with section 20(b)(3). Notwithstanding any provision in the rules of [the American Arbitration Association], you and we have the right to judicial review of any decision rendered in arbitration.

R at 101; *see also* 7 C.F.R. § 457.8 (codifying the Common Provisions). Campbell's Foliage argued the foregoing language authorized the judge to review the entire arbitration award and all factual and legal determinations made by the arbitrator.

The district judge denied the motion to vacate and found the four statutory grounds enumerated in 9 U.S.C. § 10(a) of the FAA were the only bases upon which he could vacate an arbitration award.  Relying on the Supreme Court's

3

decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396 (2008), the district judge concluded judicial review provided in the 2008 MPCI Policy meant the kind of limited review contemplated by section 10 of the FAA. Because Campbell's Foliage had not raised any of the FAA's four statutory grounds for vacatur, the judge found the nursery was not entitled to relief. On appeal, Campbell's Foliage argues the district judge erred by determining the four statutory grounds were the only bases on which the judge could vacate the arbitration award. Campbell's Foliage asserts section 20(c) of the MPCI Policy includes language providing the arbitration award was nonbinding and was subject to a more expansive form of judicial review.

## II. DISCUSSION

In reviewing the denial of a motion to vacate an arbitration award, we review a district judge's findings of fact for clear error and legal conclusions de novo. *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). Congress enacted the FAA "to supplant the judiciary's distaste for arbitration with a national policy favoring it and placing arbitration agreements on equal footing with all other contracts." *S. Commc'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1357 (11th Cir.) (citation, internal quotation marks, and alterations omitted), *petition for cert. filed*, No. 13-469 (U.S. Oct. 9, 2013). When determining whether

4

a dispute resolution method in a contract constitutes "FAA arbitration," we look for the

> common incidents of classic arbitration, including (i) an independent adjudicator, (ii) who applies substantive legal standards . . . , (iii) considers evidence and argument . . . from each party, and (iv) renders a decision that purports to resolve the rights and duties of the parties, typically by awarding damages or equitable relief.

*Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1239 (11th Cir. 2008) (citation and internal quotation marks omitted).  The presence or absence of any one of those circumstances will not always be determinative, but "[i]f a dispute resolution procedure does not produce some type of award that can be meaningfully confirmed, modified, or vacated by a court upon proper motion, it is not arbitration within the scope of the FAA."  *Id.*  In *Advanced Bodycare*, we specifically reserved ruling on whether nonbinding arbitration is within the scope of the FAA.  *Id.* at 1240-41.

The FAA provides written agreements to arbitrate are "valid, irrevocable, and enforceable, so long as their subject involves commerce."  *Hall Street*, 552 U.S. at 582, 128 S. Ct. at 1402 (citation and internal quotation marks omitted).  Under the FAA, if the parties apply to the district judge for an order confirming an arbitration award, the judge must confirm the award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the Act.  9 U.S.C. § 9.  Section 10(a) provides four grounds for vacatur:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

In *Hall Street*, the Supreme Court held "§§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification." *Hall Street*, 552 U.S. at 584, 128 S. Ct. at 1403. *Hall Street* involved a lease dispute between a landlord and a tenant; the Court held § 10 of the FAA provides the only grounds for vacatur and the parties may not supplement the statutory grounds for vacatur by contract. *Id.* at 578-79, 128 S. Ct. at 1400. The Court qualified its decision, noting it did not "purport to say that [§§ 10 and 11] exclude more searching review based on authority outside the statute." *Id.* at 590, 128 S. Ct. at 1406. It further stated, "The FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable." *Id.*

6

In view of *Hall Street*, we have held the "judicially-created bases for vacatur" we had formerly recognized, such as where an arbitrator behaved in manifest disregard of the law, "are no longer valid." *Frazier*, 604 F.3d at 1324. Nor is an "incorrect legal conclusion . . . grounds for vacating or modifying the award." *White Springs Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277, 1280 (11th Cir. 2011).

We have not analyzed whether section 20(c) of the Common Provisions allows more expansive judicial review of arbitration awards than that permitted in section 10 of the FAA, and it appears that none of our sister circuits have addressed the issue. Nevertheless, we hold the district judge did not err by denying the motion to vacate the arbitration award. Campbell's Foliage asserts the Common Provisions provide for non-binding arbitration, but that argument lacks merit. Section 20(c) of the Common Provisions specifically states, "[a]ny decision rendered in arbitration is binding . . . unless judicial review is sought." R at 101; 7 C.F.R. § 457.8. The plain language of the provision calls for binding arbitration, subject to judicial review. In line with our decision in *Advanced Bodycare*, section 20(c) provides for arbitration that would result in an award "that can be meaningfully confirmed, modified, or vacated by a court upon proper motion," and thus, the arbitration is within the scope of the FAA. *Advanced Bodycare*, 524 F.3d at 1239.

The crux of the argument by Campbell's Foliage appears to hinge on its interpretation of the Supreme Court's statement in *Hall Street*, in which the Court did not "purport to say that [§§ 10 and 11] exclude more searching review based on authority outside the statute," and that "[t]he FAA is not the only way into court for parties wanting review of arbitration awards." *Hall Street*, 552 U.S. at 590, 128 S. Ct. at 1406. Because the FCIC drafted section 20(c) of the Common Provisions pursuant to the FCIA, Campbell's Foliage contends section 20(c) constitutes outside authority providing for more searching review. We disagree.

Section 20(c) does not constitute the type of outside authority contemplated by the Supreme Court in *Hall Street*. Although the Common Provisions are codified at 7 C.F.R. § 457.8, the MPCI Policy is a contract, and the Supreme Court did not mean a contract could provide an independent basis for the enforcement of an arbitration award. In *Hall Street*, the Court held the FAA's statutory grounds for vacatur may not be supplemented by contract. *Hall Street*, 552 U.S. at 578, 128 S. Ct. at 1400. Furthermore, after noting the FAA was not the only way into court for parties wanting review of arbitration awards, the Supreme Court stated parties "may contemplate enforcement [of arbitration awards] under state statutory or common law, for example, where judicial review of different scope is arguable." *Id.* at 590, 128 S. Ct. at 1406. Parties that want their arbitration agreements enforced by an authority that allows for more expansive judicial review must

specifically designate such state statutory or common law alternatives to the FAA in their arbitration agreements.  In this case, the FCIC did not designate state or common law as the controlling law for enforcing arbitration awards in the Common Provisions.  *See* R at 101.  Consequently, the FAA alone applies to enforce the arbitration agreement in the crop-insurance contract in this case.

Accordingly, the district judge did not err by concluding the four enumerated grounds in § 10 of the FAA were the only grounds upon which he could vacate the arbitration award.  *Hall Street*, 552 U.S. at 584, 128 S. Ct. at 1403.  Because Campbell's Foliage admits it did not move for vacatur based on any of the grounds listed in § 10, the judge did not err by denying the motion to vacate the arbitration award; we affirm.[3]

**AFFIRMED.**

---

[3] The RCIC argues for the first time on appeal that Campbell's Foliage had waived its right to judicial review by failing to adhere to other contract terms.  "It is well-settled that we will generally refuse to consider arguments raised for the first time on appeal." *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012).  In addition, resolving RCIC's argument would require us to engage in impermissible fact finding.  *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1293 (11th Cir. 2010) (recognizing appellate courts must not make fact findings).